UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MARTA YONG,

    Plaintiff,

v.

BEST LABOR CONTRACTORS, LLC,

    Defendant.
_____/

CASE NO:

**PLAINTIFF DEMANDS A TRIAL BY JURY**

## COMPLAINT

Plaintiff, Marta Yong (hereinafter referred to as "Plaintiff" and/or "YONG"), by and through her counsel, Derek Smith Law Group, PLLC, hereby complains of the Defendant Best Labor Contractors, LLC (hereinafter referred to as "Defendant" and/or "BEST LABOR"), and alleges as follows:

## NATURE OF CASE

1. This employment discrimination case is about employers who subjected its Hispanic/Brown, Chilean employee to relentless harassment, discrimination, and retaliation, ultimately culminating in the unlawful termination of the employee.

2. This is an action for damages and other relief pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e *et seq.*; the Age Discrimination in Employment Act 29 U.S.C. §621 et seq. (ADEA); and seeks damages to redress the injuries Plaintiff has suffered as a result of being discriminated against and subjected to a hostile work environment based on her national origin and age, for being retaliated against by her employer solely for complaining of the ongoing discrimination and harassment, all culminating in her unlawful termination.

3. Ms. YONG seeks monetary relief to redress Defendant's unlawful employment practices in violation of Title VII and the ADEA. Additionally, this action seeks to redress Defendant's deprivation of Ms. YONG's personal dignity and her civil right to pursue equal employment opportunities.

4. Throughout the course of her employment, Plaintiff YONG found herself at the center of a hostile work environment as part of a scheme orchestrated by Defendant to unlawfully eliminate Ms. YONG from her position.

5. Defendant's unrelenting discrimination against Plaintiff culminated with her unlawful termination.

6. At bottom, Defendant is liable for subjecting Ms. YONG to a work environment infested with relentless discrimination and harassment and for wrongfully terminating Plaintiff because of her age and national origin.

## JURISDICTION AND VENUE

7. This is an action for monetary damages and all other appropriate relief as deemed by the court, pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act 29 U.S.C. §621 et seq. ("ADEA").

8. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under Title VII and the ADEA.

9. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) based upon the fact Defendant was located in this judicial district, and a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged

herein, occurred in this district. Plaintiff was employed by Defendant within Miami-Dade County, Florida. Additionally, the events took place in Miami-Dade County, Florida.

**PROCEDURAL PREREQUISITES**

10. Plaintiff has complied with all statutory prerequisites to file this action.

11. On or about January 17, 2020, Plaintiff dual-filed charges with the Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR"), against Defendant as set forth herein, Charge No. 510-2020-01982.

12. An EEOC filing automatically operates as a FCHR filing.

13. On or about February 8, 2021, the EEOC issued a right to sue letter, and this action is being commenced.

14. This action is being commenced more than one hundred eighty (180) days since the inception of Plaintiff's admirative action against the Defendant.

**PARTIES**

15. At all material times, Plaintiff YONG is an individual Hispanic/Brown, Chilean female over the age of 40 (YOB: 1956) who was born in Chile and is a resident of the State of Florida who resides in Miami-Dade County.

16. At all times material, Defendant BEST LABOR CONTRACTORS, LLC (hereinafter referred to as "Defendant" and/or "BEST LABOR") is a Florida Limited Liability Company duly authorized and existing by the virtues and laws of the State of Florida.

17. At all material times, Defendant BEST LABOR employed Odalis Ruiz (hereinafter referred to as "Ruiz") as Plaintiff's Supervisor.

18. At all material times, RUIZ is a Cuban individual.

19. At all material times, RUIZ held supervisory authority over Plaintiff, controlling various tangible aspects of her employment, including but not limited to the power to hire and fire Ms. YONG.

20. At all material times, Defendant BEST LABOR employed Robert Paez (hereinafter referred to as "PAEZ") as Maintenance Manager.

21. At all material times, PAEZ is a Cuban individual.

22. At all material times, PAEZ held supervisory authority over Plaintiff, controlling various tangible aspects of his employment, including but not limited to the power to hire and fire Ms. YONG and the ability to direct her work.

23. At all material times, Defendant BEST LABOR employed Cecilia Medina (hereinafter "MEDINA") as General Manager.

24. At all relevant times, MEDINA is a Cuban individual.

25. At all material times, Defendant BEST LABORS employed Viviana Maura (hereinafter "MAURA") as Human Resources Manager.

26. At all relevant times, MAURA is a Cuban individual.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

27. In or around May 2005, Plaintiff was hired by Defendant as a "Housekeeper." At the time of hire, Plaintiff was forty-eight (48) years old.

28. Plaintiff's job duties entailed cleaning and maintaining Defendant's single family housing units.

29. As part of her employment, Plaintiff received a discounted rental rate and resided within a unit at Defendant.

30. Importantly, at all times material to this Complaint, Plaintiff was the only employee at Defendant of Chilean origin and was one of the oldest employees.

31. From the onset of her employment, Plaintiff YONG's supervisor RUIZ harassed older employees. RUIZ specifically targeted Plaintiff with harassing comments, age- and national origin-related comments, and derogatory nicknames, including "**LITTLE GIRL**" and "**OLD LADY**."

32. Furthermore, throughout all times of her employment, RUIZ routinely told Plaintiff comments including, "**YOU ARE SO OLD, YOU SHOULD RETIRE ALREADY**," and often asked her "**WHEN ARE YOU GOING TO RETIRE? WHY DON'T YOU RETIRE OR GET DISABILITY?**"

33. By further means of example, and not meant to be an exhaustive list, in or around early 2019, RUIZ remarked to Plaintiff's coworker within Plaintiff's earshot, "**WHY IS THIS OLD LADY STILL HERE? WHY DOESN'T THE OLD LADY LEAVE?**"

34. RUIZ also made comments to Plaintiff YONG based on her national origin. By means of example and not meant to be an exhaustive list, in or around 2019, RUIZ told Plaintiff that she thought "**ALL CHILEANS ARE UGLY**," and proceeded to ask Plaintiff, "**WHY ARE CHILEANS UGLY?**"

35. Moreover, throughout her employment and leading up to her termination, RUIZ would often berate Plaintiff and her work in front of her peers and PAEZ.

36. By means of most recent example, but not meant to be an exhaustive list, on or about December 1, 2019, RUIZ shouted at Plaintiff in front of her peers before putting her finger in Plaintiff's face while shouting threats to terminate Plaintiff.

37. In addition to RUIZ's comments, RUIZ harassed and discriminated against Plaintiff by assigning her the most arduous and least desirable work assignments, ordering her to re-clean an area she had just finished cleaning, unreasonably delayed providing Plaintiff with renewals of her work uniform, refusing to grant Plaintiff a promotion and wage increases, and routinely intentionally evaluated Plaintiff's performance poorly.

38. Plaintiff YONG opposed and complained of RUIZ's discrimination and harassment throughout her employment.

39. Beginning in or around 2006, Plaintiff complained to PAEZ regarding RUIZ's discrimination and harassment.

40. In response, PAEZ told Plaintiff that RUIZ was her supervisor and to listen to her boss. As Plaintiff continued to renew her complaints throughout the years, PAEZ instructed Plaintiff to stop coming to him with complaints involving RUIZ, as he would not take any action to correct the behavior.

41. In fact, in 2006, after Plaintiff had complained several times to PAEZ, RUIZ got into Plaintiff's face and told her that she was "**A PIECE OF SHIT**" and instructed her to keep their issues "**BETWEEN US**."

42. Furthermore, beginning in 2006 and lasting through Plaintiff's termination, Plaintiff complained to MEDINA regarding RUIZ's discrimination and harassment. Specifically, Plaintiff YONG complained to MEDINA on several occasions about RUIZ's disparate performance evaluations.

43. In response, MEDINA told her that if the score was submitted by her supervisor, it was the score she received and deserved.

44. Moreover, Plaintiff raised her complaints to Defendant's Human Resources Department, by and through its Manager MAURA, regarding RUIZ's behavior.

45. By means of the most recent example, but not meant to be an exhaustive list, on or about December 30, 2019, Plaintiff YONG renewed her complaints of RUIZ's discrimination and harassment via e-mail.

46. Specifically, Plaintiff complained to MAURA that she had only received a $25 year-end bonus, while she was aware of all other Housekeepers receiving a $50 year-end bonus.

47. Furthermore, Ms. YONG stated in her email that she feared RUIZ and specifically requested help in opposing RUIZ's behavior.

48. On or about January 13, 2020, MAURA approached Plaintiff and requested Plaintiff sign a release releasing Defendant from liability for any previous and existing claims Ms. YONG may have against Defendant stemming from her employment. Plaintiff refused to sign the release and returned to work.

49. On or about January 16, 2020, just a little over two weeks after Plaintiff's most recent complaints of discrimination and harassment, and just days after requesting Plaintiff agree to release Defendant from liability, Defendant terminated Plaintiff.

50. Notably, Defendant informed Plaintiff that she was being terminated in a reduction-in-force. Upon information and belief, Plaintiff was the only employee terminated in this alleged reduction-in-force.

51. The aforementioned facts are just some of the examples of the discrimination, harassment, and retaliation Ms. YONG suffered.

52. Additionally, Ms. YONG claims a continuous practice of discrimination and continuing violations and makes all claims herein under the continuing violations doctrine.

53. Defendant has established a pattern and practice of not only discrimination and harassment but also retaliation.

54. As a result of the acts and conduct complained herein, Plaintiff YONG has suffered and will continue to suffer the loss of income, the loss of salary, bonuses, benefits, and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, including the loss of her apartment, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

55. Ms. YONG has further experienced severe emotional and physical distress. Ms. YONG suffers from increased stress and anxiety, and takes prescription medication for these conditions.  Similarly, Ms. YONG has trouble sleeping as a result of Defendant's conduct. Ms. YONG is nervous that she will be unable to find work again given the allegations against her and the nature of her age. However, Ms. YONG is determined to find work and to pursue gainful employment in a workplace that treats individuals with respect. As a result of Defendant's actions, Plaintiff YONG felt extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

56. As a result of Defendant's actions, Plaintiff YONG felt extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

57. As Defendant's conduct has been malicious, willful, extreme and outrageous, and with full knowledge of the law, Plaintiff respectfully seeks all available damages including but

not limited to emotional distress, loss wages, back pay, front pay, statutory damages, attorney's fees, costs, interest and punitive damages from Defendant.

58. Defendant's actions and conduct were intentional and intended to harm Plaintiff YONG.

59. Plaintiff YONG has presented factual allegations that would permit any reasonable jury to award damages.

60. At bottom, Defendant is liable for their reckless disregard for Plaintiff YONG's personal dignity and his civil right to pursue equal employment opportunity and access to the courts.

61. Plaintiff YONG has suffered damages as a result of Defendant's unlawful employment practices.

### COUNT ONE
*National Origin Discrimination (Disparate Treatment)*
*in Violation of the TITLE VII*

62. Plaintiff realleges and incorporates by reference each allegation contained in the previous paragraphs, and further alleges as follows.

63. Title VII states in relevant parts as follows: "§ 2000e-2. *[Section 703]* (a) Employer practices It shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

64. Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e *et seq.*, by discriminating against Plaintiff because of her national origin (Chilean).

65. Defendant's Employees/Managers/Supervisors RUIZ, PAEZ, MEDINA, and MAURA treated Plaintiff differently than her peers based on her national origin, including permitting RUIZ to target Plaintiff with racially-hostile and discriminatory comments based on Plaintiff's national origin, intentionally issuing Plaintiff poor performance reviews, unreasonably failing to equally compensate Plaintiff as her coworkers, failing to take corrective action in response to Plaintiff's numerous complaints of discrimination, and causing Plaintiff's wrongful termination.

66. The discriminatory and disparate treatment of Plaintiff included but was not limited to incessant derogatory name-calling and comments, unreasonably refusing to compensate Plaintiff at equal rates as her coworkers, routinely denying Plaintiff promotions or pay increases, and wrongfully terminating Plaintiff.

67. The discriminatory actions of Defendant against Plaintiff, as described and set forth above, constitute an adverse employment action for purposes of Title VII. In subjecting Plaintiff to adverse employment action on the basis of her national origin, Defendant intentionally discriminated against Plaintiff with respect to the compensation, terms, conditions, or privileges of her employment.

68. Ms. YONG was subject to discriminatory conduct and comments during her employment with Defendant and this conduct was directed to and perpetuated upon Plaintiff because of her national origin.

69. The Defendant's termination of Plaintiff was, in whole or in part, because of her national origin.

70. At all times relevant, Defendant BEST LABOR engaged in discriminatory practices which resulted in Plaintiff being subjected to a discriminatory hostile work environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., as amended.

71. Defendant treated Plaintiff less favorably than similarly situated employees outside the protected class.

72. As a result of Defendant's violations of The Civil Rights Act of 1964, Plaintiff has suffered damages, including, but not limited to: past and future lost wages, mental pain and suffering; humiliation; emotional distress; diminishment of career opportunities; harm to business reputation; loss of self-esteem; disruption to her family life; and other harm, pain and suffering, both tangible and intangible.

73. Conduct of Defendant and/or its agents deprived Plaintiff of her statutory rights guaranteed under Title VII.

74. Plaintiff further requests that her attorney's fees and costs be awarded as permitted by law.

75. Plaintiff YONG has been damaged by the illegal conduct of Defendant.

**COUNT TWO**
*National Origin Discrimination (Hostile Work Environment)
in Violation of the Title VII*

76. Plaintiff realleges and incorporates by reference each allegation contained in the previous paragraphs, and further alleges as follows.

77. The Civil Rights Act of 1964 prohibits inappropriate conduct in the workplace which leaves any person feeling harassed or discriminated against, due to his or her gender, age, religion, national origin or race.

78. Here, Defendant's conduct occurred because of Plaintiff's legally protected characteristic, and the conduct was severe or pervasive enough to make a reasonable person of the same

11

legally protected class believe that the conditions of employment were altered, and that the working environment was intimidating, hostile or abusive.

79. Defendant's Employees/Managers/Supervisors RUIZ, PAEZ, MEDINA, and MARUA harassed Plaintiff based on her national origin, including targeting Plaintiff with incessant derogatory name-calling and comments, unreasonably refusing to compensate Plaintiff at equal rates as her coworkers, routinely denying Plaintiff promotions or pay increases, and wrongfully terminating Plaintiff.

80. The harassment of Plaintiff included, but was not limited to, harshly criticizing Plaintiff's performance, assigning Plaintiff inferior or undesirable work assignments, ordering Plaintiff to re-do her tasks without justification, issuing Plaintiff poor performance reviews without justification, and wrongfully terminating Plaintiff.

81. The harassing actions of Defendant against Plaintiff, as described and set forth above, constitute an adverse employment action for purposes of Title VII. In subjecting Plaintiff to adverse employment action on the basis of her national origin, Defendant intentionally harassed Plaintiff with respect to the compensation, terms, conditions, or privileges of her employment.

82. The harassing conduct was directly connected to Ms. YONG's national origin.

83. When Ms. YONG voiced her objections to this harassing and discriminatory treatment, not only did Defendant fail to address her concerns, but they continued the pattern of discrimination and harassment by further subjecting Plaintiff to harassment based on her national origin, as well as informing Plaintiff's harasser of her complaints.

84. Plaintiff did not welcome Defendant's harassing conduct or comments.

85. Defendant abused its supervisory authority over Plaintiff by creating a hostile work environment. A reasonable person subjected to Ms. YONG's working environment would believe Defendant's conduct was severe or pervasive enough to have altered the terms and conditions of employment and render the working environment intimidating, hostile or abusive.

86. As a result of Defendant's violations of The Civil Right Act of 1964, Plaintiff has suffered damages, including, but not limited to: past and future lost wages, mental pain and suffering; humiliation; emotional distress; diminishment of career opportunities; harm to business reputation; loss of self-esteem; disruption to her family life; and other harm, pain and suffering, both tangible and intangible.

87. Conduct of Defendant and/or its agents deprived Plaintiff of her statutory rights guaranteed under Title VII.

88. Plaintiff further requests that her attorney's fees and costs be awarded as permitted by law.

89. Plaintiff YONG has been damaged by the illegal conduct of Defendant BEST LABOR.

## COUNT THREE
*Retaliation in Violation of the Title VII*

90. Plaintiff realleges and incorporates by reference each allegation contained in the previous paragraphs, and further alleges as follows.

91. Title VII prohibits employment discrimination against an individual for opposing or complaining about unlawful discrimination and/or harassment.

92. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against

any of his employees . . . because she has opposed any practice made an unlawful employment practice by this subchapter, or because she has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

93. Plaintiff opposed RUIZ's discriminatory treatment by complaining to Defendant's management team about the unlawful harassment and discrimination by RUIZ.

94. At all times relevant, Plaintiff acted in good faith and with the objective and subjective belief that violations of Title VII by Defendant's employees had occurred.

95. At all times relevant, the unlawful discrimination by Defendant's employees against Plaintiff in the terms and conditions of her employment because she opposed a practice made unlawful by Title VII which would not have occurred but for that opposition.

96. At all material times, the employers exhibiting discriminatory and harassing conduct against Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

97. Following Plaintiff's opposition to RUIZ's conduct and her numerous complaints to Defendant, the hostility increased dramatically.

98. Defendant's Employees/Managers/Supervisors RUIZ, PAEZ, MEDINA, and MAURA retaliated against Plaintiff, including by continuing to subject Plaintiff to harassment and discrimination, harshly criticizing Plaintiff's work performance, discouraging Plaintiff from pursuing her complaints, instructing Plaintiff to handle her complaints regarding RUIZ with RUIZ, and wrongfully terminating Plaintiff, causing the loss of her housing, after she complained of and reported RUIZ's discrimination and harassment.

99. Plaintiff opposed discriminatory and harassing conduct by Defendant which is prohibited by Title VII when she complained to Defendant about RUIZ's discrimination and harassment as described and set forth above.

100. Plaintiff's complaints involved Defendant's unlawful, discriminatory and harassing actions and therefore constituted protected activity under Title VII.

101. Ms. YONG complained of Manager RUIZ's discrimination and harassment of her.

102. At all times relevant, Ms. YONG acted in good faith and with the objective and subjective belief that Defendant's employees violated of the law and her protected rights.

103. After expressing her opposition to the unlawful discriminatory conduct, Defendant retaliated against Plaintiff by, among other things, wrongfully and unlawfully discharging Plaintiff's employment.

104. The adverse employment actions by Defendant were the result of Plaintiff's opposition to the discriminatory and harassing conduct to which she and her coworkers was subjected, in violation of Title VII.

105. The discriminatory actions of Defendant against Plaintiff, as described and set forth above, constitute an adverse employment action for purposes of Title VII. In subjecting Plaintiff to adverse employment action on the basis of her national origin, Defendant intentionally discriminated against Plaintiff with respect to the compensation, terms, conditions, or privileges of her employment.

106. The discriminatory actions of Defendant against Plaintiff, as described and set forth above, constitute an adverse employment action for purposes of Title VII. In subjecting Plaintiff to adverse employment action on the basis of her national origin, Defendant

intentionally discriminated against Plaintiff with respect to the compensation, terms, conditions, or privileges of her employment.

107. As a result of Defendant's violations of The Civil Right Act of 1964, Plaintiff has suffered damages, including, but not limited to: past and future lost wages, mental pain and suffering; humiliation; emotional distress; diminishment of career opportunities; harm to business reputation; loss of self-esteem; disruption to her family life; and other harm, pain and suffering, both tangible and intangible.

108. Conduct of Defendant and/or its agents deprived Plaintiff of her statutory rights guaranteed under federal law.

109. Plaintiff further requests that her attorney's fees and costs be awarded as permitted by law.

110. Plaintiff YONG has been damaged by the illegal conduct of Defendant.

## COUNT FOUR
*Discrimination in Violation of ADEA*

111. Plaintiff realleges and incorporates by reference each allegation contained in the previous paragraphs, and further alleges as follows.

112. This is an action to recover all damages, interest, equitable relief and attorney's fees and costs on behalf of Plaintiff for violations of her state rights under the Age Discrimination in Employment Act ("ADEA"), to include the remedies in 29 U.S.C. §621 et seq.

113. Plaintiff is a sixty-five (65) year old female and is protected against discrimination under the ADEA.

114. Defendant BEST LABOR's employees regularly made comments relating to Plaintiffs age, asserting that Plaintiff was unable to do her work due to her age, openly questioning when Plaintiff would retire, and disparaging Plaintiff based on her age to younger employees.
115. Defendant treated Plaintiff less favorably than similarly situated employees outside the protected class.
116. The ADEA (29 U.S.C. 626) provides that it shall be unlawful for an employer:
    (1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to their compensation, terms, conditions, or privileges of employment, because of such individual's age;
    (2) to limit, segregate, or classify their employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age.
117. Defendant engaged in adverse employment actions against Plaintiff, including but not limited to, refusing to promote Plaintiff, failing to equally compensate Plaintiff as her similarly situated coworkers, issuing Plaintiff poor performance evaluations, and wrongfully terminating Plaintiff, on the basis of her age.
118. Conduct of Defendant and/or its agents deprived Plaintiff of her statutory rights guaranteed under federal law.
119. Plaintiff YONG has been damaged by the illegal conduct of Defendant BEST LABOR.

## COUNT FIVE
*Retaliation in Violation of ADEA*

120. Plaintiff realleges and incorporates by reference each allegation contained in the previous paragraphs, and further alleges as follows.

121. Defendant BEST LABOR discriminated against Plaintiff due to her age when Defendant, including but not limited to, refused to promote Plaintiff, failed to equally compensate Plaintiff as her similarly situated coworkers, issued Plaintiff poor performance evaluations, and wrongfully terminated Plaintiff, on the basis of her age.

122. The ADEA (29 U.S.C. 623(d)) state: "It shall be unlawful for an employer to discriminate against any of his employees or applicants for employment, for an employment agency to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because such individual, member or applicant for membership has opposed any practice made unlawful by this section, or because such individual, member or applicant for membership has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter."

123. At all times relevant, Plaintiff acted in good faith and with the objective and subjective belief that violations of the ADEA by Defendant BEST LABOR's employees had occurred.

124. At all times relevant, the unlawful discrimination by Defendant's employees against Plaintiff YONG in the terms and conditions of her employment occurred because she opposed a practice made unlawful by the ADEA and would not have occurred but for that opposition.

125. At all material times, the employer exhibiting discriminatory conduct against Plaintiff possessed the authority to affect the terms, conditions and privileges of Plaintiff's employment with the Defendant.

126. Defendant intentionally retaliated against Plaintiff by continuing to discriminate against her, harass her, and ultimately discharging her for complaining of actions by Defendant made unlawful under the ADEA.

127. Conduct of Defendant and/or its agents deprived Plaintiff of her statutory rights guaranteed under federal law.

128. Plaintiff YONG has been damaged by the illegal conduct of Defendant BEST LABOR.

## **DEMAND FOR JURY DEMAND**

Plaintiff requests a jury trial on all issues to be tried.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendant in an amount to be determined at the time of trial plus interest, including but not limited to all emotional distress and economic damages, punitive damages, liquidated damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.


Dated: Miami, Florida
May 10, 2021

Respectfully submitted,

DEREK SMITH LAW GROUP, PLLC
*Attorneys for Plaintiff*

Lauren Tobin, Esq.
Fla. Bar No. 1024850
Lauren@dereksmithlaw.com
701 Brickell Avenue, Suite 1310
Miami, FL 33131
Tel: (305) 946-1884
Fax: (305) 503-6741

20